# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2020

No. 19-11032
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTRANETTE CANADY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-39-4

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Antranette Canady pleaded guilty to bank robbery and was sentenced to 151 months in prison and three years of supervised release. She now challenges as substantively unreasonable the imposition of a standard condition of supervised release allowing the probation officer to visit her "at any time at home or elsewhere." As a threshold matter, the Government contends Canady's claim is not ripe for review. Ripeness is a jurisdictional

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11032

issue that this court reviews de novo. *See United States v. Payton*, 959 F.3d 654, 656 (5th Cir. 2020). Canady's claim is ripe because the supervised release condition at issue is mandatory. *See id.*

This court reviews Canady's preserved substantive reasonableness challenge for abuse of discretion. *See id.* Although a district court has wide discretion in imposing supervised release conditions, its discretion is limited by statute. *See* 18 U.S.C. § 3583(d); *see also United States v. Duke*, 788 F.3d 392, 398 (5th Cir. 2015). Canady argues the visitation condition is not narrowly tailored as required by § 3583(d)(2) because it lacks any limits on when and where the probation officer may visit her. Section 3583(d) provides, in relevant part, that supervised release conditions must involve "no greater deprivation of liberty than is reasonably necessary" for the purposes of deterring criminal conduct and protecting the public from further crimes of the defendant.

In this case, the district court concluded the visitation condition was necessary based on Canady's criminal history. Under the circumstances, the district court did not abuse its discretion in imposing the standard visitation condition. *See Payton*, 959 F.3d at 658.

AFFIRMED.